**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GABRIELLE McCAULEY & SEAN McCAULEY, | Civil Action No. 18-7942 (ES) (MAH) |
| Plaintiffs, | MEMORANDUM OPINION |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant Metropolitan Life Insurance Company's ("Defendant") motion to dismiss Plaintiffs Gabrielle McCauley and Sean McCauley's ("Plaintiffs") Complaint. (D.E. No. 4). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has considered the parties' submissions[1] and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion to dismiss is DENIED.

**I.     Background**

Plaintiffs originally commenced this action in the Superior Court of New Jersey, Hudson

---

[1] (D.E. No. 1, Ex. A, Complaint ("Compl."); D.E. No. 4-1 ("Def. Mov. Br."); D.E. No. 5 ("Pl. Opp. Br."); D.E. No. 6 ("Def. Reply Br.")).

The Court is also in receipt of Plaintiff's sur-reply. (D.E. No. 7). Defendant correctly notes that this document was filed without leave of Court, as required by Local Civil Rule 7.1(d)(6). (D.E. No. 8). "While the Court does not look favorably upon [Plaintiffs'] failure to comply with L. Civ. R. 7.1(d)(6), the Court will exercise its discretion to consider [the] sur-reply for the sake of completeness." *Andujar v. Gen. Nutrition Corp.*, No. 14-7696, 2017 WL 2323405, at *1 (D.N.J. May 26, 2017). However, "counsel is admonished in the future not to submit unauthorized briefs or memoranda without prior authorization of the Court." *World Express & Connection, Inc. v. Crocus Invs., LLC*, No. 15-8126, 2017 WL 4516465, at *1 (D.N.J. Oct. 10, 2017).

County, seeking benefits from their deceased father's accidental death policy. (D.E. No. 1 ¶¶ 1 & 3). Defendant timely removed the action to this Court. (*Id.* ¶ 5).

James McCauley ("McCauley"), father of Plaintiffs, was a postal worker for the U.S. Postal Service ("USPS") at the Bulk Mail Center in Jersey City, New Jersey. (Compl. ¶ 1). McCauley was insured through the USPS for life and accidental death benefits. (*Id.* ¶ 3). The insurance was provided by Defendant under a Federal Employees' Group Life Insurance ("FEGLI") policy (the "Policy"). (*Id.*).

On December 26, 2010, McCauley was on duty at the Bulk Mail Center. (*Id.* ¶ 2). During a "blizzard-like" storm, McCauley stepped outside and was later found dead, face down in snow. (*Id.*). According to Plaintiffs, "[w]itnesses saw [McCauley] struggling outside" (*id.* ¶ 9), and that the "Office of Workers' Compensation Programs of the U.S. Department of Labor concluded that [McCauley] died due to weather conditions" (*id.* ¶ 10). Particularly, the Complaint asserts that a doctor "reviewed the records and concluded that [McCauley] froze to death." (*Id.* ¶ 11).

Sometime thereafter, Plaintiffs filed an accidental death claim to recover under the Policy. (*See id.* ¶ 7). Defendant, which administers the claim process (*id.* ¶ 4), denied the claim on several occasions. (*Id.* ¶ 5). Apparently, "Defendant relie[d] on the fact that [McCauley] had a pre-existing condition (i.e. heart disease)" to deny the claim. (*Id.* ¶ 7). Plaintiffs then filed an appeal with Defendant on October 15, 2012. (*See id.* ¶ 15). On September 21, 2015, "Defendant finally advised that it was reviewing the case. . . ." (*Id.*). On July 26, 2017—"almost five years" after the appeal was filed—Defendant reached a final decision and again denied the claim. (*Id.* ¶¶ 5 & 16).

On September 18, 2017, Plaintiffs requested a copy of the appeal file and the Policy. (*Id.* ¶ 17). Thereafter, Defendant sent Plaintiffs a letter, apparently misdated April 30, 2014, refusing the request. (*Id.* ¶ 18). This was followed by an identical letter dated October 10, 2017. (*Id.*).

Plaintiffs also assert that "Defendant never advised [ ] McCauley of the definition of 'Accidental Death' and the 'exclusions' under the policy." (*Id*. ¶ 19).

On March 16, 2018, Plaintiffs filed this action in the Superior Court of New Jersey, Hudson County. (*See generally id*.). They seek payment of the Policy, as well as "damages for the wrongful conduct of Defendant." (*Id*. ¶¶ 21-22).

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Neither a claimant's "blanket assertion[s]" of a right to relief nor "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" satisfy Rule 8(a)(2)'s requirements. *Twombly*, 550 U.S. at 556 n.3; *Iqbal*, 556 U.S. at 678.

Rule 8(a)(2)'s pleading standard also requires that a complaint set forth the plaintiff's claims with enough specificity as to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The complaint must contain "sufficient facts to put the proper defendants on notice so they can frame an answer" to the plaintiff's allegations. *Dist. Council 47, Am. Fed'n of State, Cty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986); *see also Pushkin v. Nussbaum*, No. 12–0324, 2013 WL 1792501, at *4 (D.N.J. Apr. 25, 2013) ("[T]he Court cannot expect the Defendants to

defend against claims that are not clearly and specifically alleged.").

In assessing a Federal Rule of Civil Procedure 12(b)(6) motion, "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But a reviewing court does not accept as true the complaint's legal conclusions. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions."). A court therefore must first separate a complaint's facts from its legal conclusions and then assess whether those facts raise a plausible claim for relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211–12 (3d Cir. 2009).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. Analysis

Defendant raises only one argument to support its motion for dismissal. Defendant contends that this Court should dismiss the Complaint with prejudice because it is time-barred under the Policy's contractual two-year statute of limitations period. (Def. Mov. Br. at 7). Specifically, Defendant argues that Plaintiffs had until March 24, 2013, to file this action, but instead filed it on March 16, 2018, almost five years after the statute of limitation had run. (*Id*.). In support, Defendant attaches as an exhibit a document it claims is the Policy in question. (D.E. No. 4-3). Defendant contends that the Court can rely on this document because it is "integral" to the Complaint. (Def. Mov. Br. at 4).

Generally, a district court may not consider documents outside the pleadings when deciding

a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). It is well established, however, that a court may consider such documents if the documents are "*integral to or explicitly relied* upon in the complaint. . . ." *Id.* (citation omitted) (emphasis in original). "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." *Jeffrey Rapaport M.D., P.A. v. Robin S. Weingast & Assocs., Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012) (citation omitted); *see also Schmidt v. Skolas*, 770 F.3d 241, 250 (3d Cir. 2014) ("[T]he justification for the integral documents exception is that it is not unfair to hold a plaintiff accountable for the contents of documents it must have used in framing its complaint, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to his complaint."); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.").

Thus, "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *In re Burlington*, 114 F.3d at 1426 (internal quotation marks omitted) (alternations in original); *Pension Ben. Guar. Corp.*, 998 F.2d at 1196–97 ("When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished."); *cf. Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (holding that the district court could have relied on certain documents that "plaintiffs had either in its possession or had knowledge of and upon which they relied in bringing suit" and there "was undisputed notice to plaintiffs of their contents").

Applying this underlying rationale to the instant matter, the Court finds that it cannot rely on the alleged copy of the Policy, which is the entire basis of Defendant's motion to dismiss. While the Complaint is based on the allegation that Plaintiffs' father had a FEGLI policy, Defendant admits that the Complaint references Plaintiffs' requests for a copy of the Policy, *which Defendant refused to grant*. (*See* Def. Opp. Br. at 4). That is, the Complaint clearly states that Plaintiffs did not have a copy of the Policy (Compl. ¶¶ 17 & 18), and indeed, Plaintiffs note that the instant motion is the first time they have had an opportunity to review the content of the Policy. (*See* Pl. Opp. Br. at 2).

As a result, this is not a situation in which a plaintiff based his claims on a document's contents while omitting unfavorable statements from that document; this is not a case "[w]here a plaintiff ha[d] *actual notice . . . and ha[d] relied upon the*[ ] *document*[ ] *in framing the complaint*." *See In re Burlington*, 114 F.3d at 1426 (ellipsis in original) (emphasis added); *Schmidt*, 770 F.3d at 250 ("[T]he justification for the integral documents exception is that it is not unfair to hold a plaintiff *accountable for the contents of documents it must have used in framing its complaint*, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to his complaint.") (emphasis added). Rather, this motion to dismiss was Plaintiffs' first opportunity to review the content of the Policy in question. (Pl. Opp. Br. at 2). Therefore, it cannot be said that Plaintiffs "based" their Complaint on the content of this document. *See In re Burlington*, 114 F.3d at 1426; *In re Campbell Soup Co. Sec. Litig.*, 145 F. Supp. 2d 574, 588 n.1 (D.N.J. 2001) ("The 'on which it relied' is the operative language here, and is the reason the Court will not consider the analyst reports—because there is no evidence that Plaintiffs relied on them.") (citing *Pension Ben. Guar. Corp.*, 998 F.2d at 1196).[2]

---

[2] Furthermore, Plaintiffs contend that the "insurance policy relied upon by Defendant is certainly unusual." (D.E. No. 7). Particularly the alleged policy document appears to date back to 1954 and has had multiple amendments.

Because the Court cannot rely on the document in question, which is Defendant's sole basis for dismissal, Defendant's motion to dismiss necessarily fails and must be denied.

**IV.    Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is DENIED. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**

---

(*See* D.E. No. 4-3). The certification Defendant provided does not certify whether this document constitutes the entire policy document, with all relevant amendments. (*See* D.E. No. 4-2). Thus, it cannot be said that this is an "undisputedly authentic document[ ]" in which "the complainant's claims are based upon. . . ." *See Mayer*, 605 F.3d at 230.